NOT DESIGNATED FOR PUBLICATION

No. 119,332

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGELA D. PERES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed October 26, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Angela D. Peres appeals the district court's decision to revoke her probation and impose her underlying sentence. We granted Peres' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State did not file a response. After a review of the record, we affirm the district court.

On December 28, 2016, the State charged Peres with one count of trafficking in contraband in a correctional facility and one count of possession of methamphetamine. The parties entered into a plea agreement in which Peres agreed to plead no contest to possession of methamphetamine in exchange for the State's agreement to dismiss the remaining charge. As part of the agreement, the parties also agreed to recommend the

1

standard number in the presumptive sentence grid box. At Peres' sentencing in March 2017, the district court imposed the aggravated presumptive sentence of 14 months in prison—because this case occurred while she was incarcerated—but placed Peres on probation from that sentence for a period of 18 months.

Unfortunately, Peres had difficulty refraining from illegal drug use. Between August 2017 and January 2018, Peres violated the terms of her probation—generally due to testing positive for illegal drugs and/or alcohol—and was ordered to serve a 48-hour jail sanction, a 3-day jail sanction, a 7-day jail sanction, a 120-day prison sanction, and another 7-day jail sanction. In January 2018, the State recommended her probation be revoked due to additional probation violations, including testing positive for illegal drugs. In March 2018, after Peres stipulated to violating the terms of her probation, the district court revoked her probation and ordered that she serve her underlying prison sentence.

On appeal, Peres argues that the district court abused its discretion by revoking her probation and ordering her to serve the underlying prison sentence. Specifically, Peres argues she should be given another chance at drug treatment.

Once a violation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). This discretion is limited by intermediate sanctions as outlined in K.S.A. 2017 Supp. 22-3716. Peres bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2017 Supp. 22-3716(c) requires a district court to impose graduated intermediate sanctions before revoking an offender's probation. See *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Intermediate sanctions include a 2- or 3-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. K.S.A. 2017 Supp. 22-3716(c)(1)(B), (C), (D). Under these limitations, the district court may, among other actions, revoke probation and order a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction have been imposed. K.S.A. 2017 Supp. 22-3716(c)(1)(E).

Here, it is undisputed that Peres violated the terms of her probation and had previously received intermediate sanctions—both jail and prison sanctions—as required by K.S.A. 2017 Supp. 22-3716(c)(1). Accordingly, the district court had the discretion to revoke Peres' probation. Peres argues she would be better served by additional drug treatment, but as the district court pointed out, Peres had multiple opportunities for drug treatment yet continued to use drugs and violate the terms of her probation. As Peres fails to persuade us that no reasonable person would have taken the view of the district court, we conclude the district court did not abuse its discretion in revoking her probation and ordering Peres to serve her underlying sentence.

Affirmed.